1  Perry R. Clark (State Bar. No. 197101)
   perry@perryclarklaw.com
2  LAW OFFICES OF PERRY R. CLARK
   825 San Antonio Road, Suite 201
3  Palo Alto, CA 94303
   Tel.: (650) 248-5817
4  Fax: (650) 618-8533

5  Attorney for Plaintiff Zenga Inc., d/b/a King Ice,

6

7

8              UNITED STATES DISTRICT COURT
               CENTRAL DISTRICT OF CALIFORNIA
9

10

11  ZENGA INC., D/B/A KING ICE,          Case No.: 2:25-cv-8706
    a California corporation,
12                                       **COMPLAINT FOR:**
                     Plaintiff,          **(1) TRADE LIBEL, (2) FEDERAL**
13                                       **TRADEMARK INFRINGEMENT, (3)**
          vs.                            **FEDERAL UNFAIR COMPETITION, (4)**
14                                       **FEDERAL TRADEMARK DILUTION, (5)**
    GUS VILLA JEWELRY INC., a Florida    **STATE TRADEMARK DILUTION, (6)**
15  corporation, and GUSTAVO VILLALOBOS, **CALIFORNIA COMMON LAW**
    an individual,                       **TRADEMARK INFRINGEMENT, AND**
16                                       **(7) UNFAIR AND DECEPTIVE TRADE**
                     Defendants.         **PRACTICES**
17
                                         **JURY TRIAL DEMANDED**
18

19

20

21

22

23

24

25

26

27

28

COMPLAINT
Case No.: 2:25-cv-8706

1.      Plaintiff Zenga Inc., d/b/a King Ice ("Plaintiff King Ice") files this complaint against Defendants Gus Villa Jewelry Inc., a Florida corporation, and Gustavo Villalobos, an individual, (collectively, the "Gus Villa Defendants") and states, pursuant to L.R. 8-1, that it invokes this Court's jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a), and 1338. Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

### PARTIES

2.      Plaintiff King Ice is a California corporation with its principal place of business in the City of Covina, California.

3.      Defendant Gus Villa Jewelry Inc. is a Florida corporation with its principal place of business in Miami, Florida.  The name of the registered agent on file the with Florida Division of Corporations for Defendant Gus Villa Jewelry Inc. is Gustavo I. Villalobos with a listed address at 17 East Flagler Street, Suite 117, Miami, FL 33131.

4.      Defendant Gustavo Villalobos is a resident of Hialeah, Florida.

### JURISDICTION AND VENUE

5.      This is an action arising under the Lanham Act, 15 U.S.C. § 1051 et seq., California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, and the California common law of trade libel and unfair competition.

6.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332(a), and 1338.  Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

7.      This Court has personal jurisdiction over Defendant Gus Villa Jewelry because, on information and belief, it has purposefully directed its activities toward California by, among other things, entering into contracts with California residents and engaging in business transactions within the state, including for the manufacture, importation, offer for sale, and sale of infringing goods in the state.  Defendant Gus Villa Jewelry has also, through its agent, employee, or principal, Gustavo Villalobos, committed the acts of trade libel and unfair competition described herein against Plaintiff King Ice in California.  The Gus Villa Defendants have also purchased some of the jewelry at issue in this case from Plaintiff King Ice in California.

8.      This Court has personal jurisdiction over Defendant Gustavo Villalobos because, on information and belief, he has purposefully directed his activities toward California by, among other things, entering into contracts with California residents and engaging in business transactions within the state, including for the manufacture, importation, offer for sale, and sale of infringing goods in the state.  Defendant Gustavo Villalobos is also, on information and belief, the alter ego and/or successor of Defendant Gus Villa Jewelry in connection with and at all times associated with the acts complained of herein.  Defendant Gustavo Villalobos also committed the acts of trade libel and unfair competition described herein against Plaintiff King Ice in California.

## FACTUAL BACKGROUND

### *Plaintiff's King Ice Brand and Trademark*

9.      Plaintiff King Ice was founded in Los Angeles in 2005.  Plaintiff King Ice has developed its brand specializing in curated trends from hip-hop and streetwear culture in the jewelry and accessory business.  For two decades, Plaintiff King Ice has been the leading industry tastemaker in creating premium wearable art that bridges the gap between artist, culture, and people.  Plaintiff King Ice's uniquely designed collections include accessories ranging from pendants, chains, bracelets, watches, grillz, pins, and more.  Each King Ice product is uniquely developed from scratch using proprietary 3D design software, 3D printing, and multiple design revisions over several months before production.  In production, the stones for products are handset and each piece undergoes a five-time gold dipping process to ensure durability and long-lasting quality

10.      Plaintiff King Ice is an American brand owned by Zenga, Inc. and is, and always has been, headquartered in Los Angeles, California.  While some manufacturing may occur outside the United States (as with most global jewelry brands), Plaintiff King Ice has been designing its jewelry in-house in its Los Angeles facility for nearly 20 years and controls all intellectual property and branding, including its registration on the Principal Trademark Register of the U.S. Patent and Trademark Office.

11.      Plaintiff King Ice is not a reseller of jewelry designed and marketed by other companies.  Plaintiff King Ice has a dedicated design team that designs its products in-house in

Los Angeles.   The design process includes the conception of the original designs and the preparation of proprietary Computer Aided Design ("CAD") drawings and revisions.   Plaintiff King Ice's products are manufactured according to Plaintiff King Ice's precise custom specifications in the United States and other countries using Plaintiff King Ice's exclusive molds, clasps, and branding.

12.    Plaintiff King Ice's products are marketed to adults in hip-hop, streetwear, and entertainment culture—not children.   The brand overwhelmingly serves and is consumed by adults, with 90% of the consumers aged between the ages of 18-55 and less than 10% under 18.

13.    Plaintiff King Ice has produced many collaborations with all the most respected and valuable brands in its industry, such as Snoop Dogg, Notorious B.I.G., Death Row Records, Odd Future, Wu-Tang, 2Pac, Run DMC, Pokémon, Liquid Death, and Capcom-Street Fighter.

14.    As a result of its branding success and wide recognition, Plaintiff King Ice has partnerships with the premium brands in the modern entertainment business, including Warner Bros., Paramount Global, 20th Century Fox, NBC Universal, Live Nation, Sony PlayStation, SEGA, Bandai Namco, Ubisoft, Epic Games, and Microsoft Xbox.

15.    Plaintiff King Ice has spent hundreds of thousands of dollars and thousands of hours of its employees' time and expertise developing its brand.   Among other things, Plaintiff King Ice's branding efforts have included advertising in print publications, targeted Google search campaigns, paid and organic social media campaigns (including Instagram, YouTube, TikTok, Facebook, and Twitter), influencer collaborations, and participation in domestic and international trade shows. In particular, Plaintiff King Ice's brand building efforts and expenditures include: (1) securing official licensing partnerships with globally recognized entertainment and lifestyle brands such as Pokémon, Liquid Death, Capcom-Street Fighter, Death Row Records, and Warner Bros.; (2) retail partnerships with Zumiez and other national chains; (3) investments in content creation, including music video placements, influencer endorsements, and red-carpet launch events; (4) developing and maintaining an e-commerce platform (www.kingice.com), logistics, and fulfillment infrastructure; (5) ongoing product development costs, including 3D CAD design, prototyping, hand-setting of stones, and gold plating processes; and (6) participation in major trade

shows worldwide, including MAGIC Project (Las Vegas), Agenda (Long Beach), JIS (Miami), JCK (Las Vegas), The Bright Tradeshow (Berlin), No Jacket Required (London), and Tokyo International Trade Show (Japan).

16. Plaintiff King Ice owns the "KINGICE" trademark (the "King Ice" mark), which has been registered on the Principal Register (No. 3,338,327) since 2007 for jewelry. (Ex. 1).

17. Plaintiff King Ice also owns the trademark rights in its logo (the "Lion Logo"):



*Defendants' Conduct*

18. On information and belief, the Gus Villa Defendants sell jewelry throughout the United States and in California. The Gus Villa Defendants operate a website at www.gusvilla-jewelry.com.

19. On information and belief, Defendant Gustavo Villalobos is an employee, principal, and/or owner of Defendant Gus Villa Jewelry.

20. The Gus Villa Defendants operate a YouTube channel "@gusvillajewelry." On information and belief, the @gusvillajewelry YouTube channel has 216,000 subscribers with 447 videos.

21. Approximately one year ago (roughly in September 2024), the Gus Villa Defendants posted a video on the @gusvillajewelry YouTube channel titled "Gus Villa Jewelry SHOCKED reviewing KING ICE | The WORST Chain EVER?" (the "Video"). On information and belief, the Video has been viewed 12,618 times on YouTube.

22. The Video is a commercial advertisement for the Gus Villa Defendants and, in the description of the Video on YouTube, it states "Looking to buy the BEST Cuban link chain? Luxury watches? Custom pieces & pendants? Visit us at: https://gusvillajewelry.com."

23. The Video contains a number of false statements by the Gus Villa Defendants,

including (the numerals in parenthesis refer to [minute]:[second] of the Video):

- Plaintiff King Ice will "advertise one thing and you get something else." (9:35);

- "This [the King Ice necklace] is all copper. This is 91% copper chain. That is probably why you have that metallic look to it. This is copper with some sort of gold bath that is very very light so its going to more than likely turn your neck green and it is going to lose a lot of its color relatively quickly." (8:28);

- The King Ice necklace "has that green metallic undertone that I see in a lot of this Chinese jewelry." (4:15);

- "The plating is off." (4:53);

- The King Ice necklace "has no real weight to it." (5:41);

- "[Holds up King Ice necklace] At the end of the day, it is all the same. This type of chain has been made a million times by a different manufacturer. . . There is no difference between them." (7:38);

- King Ice is a "reseller." (8:53);

- "This is costume jewelry for little kids." (9:18).

- King Ice is "a Chinese brand." (9:43).

24.    The statements made by Defendant Gus Villa Jewelry and Defendant Gustavo Villalobos were made with malice, with the intent to harm Plaintiff King Ice, and with full knowledge that they would cause substantial damage. For example, Defendant Gustavo Villalobos states in the Video:

> "King Ice, listen, if you're a company out there I understand the importance of putting in hard work. I get marketing—I have to do it myself. I get craftsmanship—apparently you guys don't. But ***I get that you guys are building a brand and . . . I am going to break down a brand that a lot of people and a lot of effort has gone into making. King Ice is out there putting all this money into marketing ads and now here comes this bearded fat idiot who is going to talk trash about them.*** <u>***It is detrimental to their brand***</u>."

(Video 6:49, emphasis added).

25.    The comments left by viewers of the Video reveal the damage it has caused to Plaintiff King Ice. The comments include: "Looks like I won't be buying from them"; "This [is] the

first bad review I've seen of the company"; "I looked them [Plaintiff King Ice] up on YouTube to see what people are saying about them, and your video was the top result, just above a bunch of their ads"; and "Well damn! I was gonna buy the Wu-Tang chain from them but I guess not now!"

26. In addition, the Video creates confusion between the King Ice necklace and something labelled the "GVJ Iced Cuban." In the Video, Defendant Gustavo Villalobos discusses handmade jewelry techniques and states, while holding the King Ice necklace, that "[t]here is a difference between what this is [the King Ice necklace] and what that is. It's night and day guys." (Video at 6:49). The Video then cuts to footage which includes the King Ice necklace labeled as "GVJ Iced Cuban." Specifically, the Video includes detailed shots of the King Ice necklace, including King Ice's trademark Lion Logo and its "King Ice" mark:



(Video at 7:02);



(Video at 7:03);



(Video at 7:09).

27.     But rather than include labelling that identifies the necklace as a King Ice necklace, the Video adds labeling that describes what is depicted in the Video as "GVJ Iced Cuban," which a consumer would understand to be a reference to a product of Defendant Gus Villa Jewelry:



(Video at 7:18);



(Video at 7:32).

28.   In addition to its YouTube channel, the Gus Villa Defendants operate a website, https://gusvillajewelry.com/ (the "Website").   The website offers jewelry for sale, including necklaces and rings.

29.   Among the jewelry offered on the Website is Gus Villa Defendant's "Iced King Ring."  The Iced King product is displayed on the Website as:



30.   The Gus Villa Defendants use of Plaintiff King Ice's registered mark for "King Ice" is likely to cause confusion, mistake, or deception regarding the source of the Iced King ring.

### FIRST CLAIM FOR RELIEF
**(Trade Libel)**

31.   Plaintiff King Ice repeats and incorporates by reference the allegations in the preceding paragraphs.

32.   The Gus Villa Defendants have made false statements that would be clearly or necessarily understood to have disparaged the quality and characteristics of Plaintiff King Ice's products.

33.   The statements of the Gus Villa Defendants were made to a person other than Plaintiff King Ice.

34.   The statements of the Gus Villa Defendants were untrue.

35.   The Gus Villa Defendants knew or should have recognized that the statements were untrue and/or acted with reckless disregard of the truth or falsity of the statements.

36.    The Gus Villa Defendants knew or should have recognized that someone else might act in reliance on the statements, causing Plaintiff King Ice financial loss.

37.    Plaintiff King Ice suffered direct financial harm because someone else acted in reliance on the statement and the conduct of the Gus Villa Defendants was a substantial factor in causing that harm.

**SECOND CLAIM FOR RELIEF**
**(Federal Trademark Infringement)**

38.    Plaintiff King Ice repeats and incorporates by reference the allegations in the preceding paragraphs.

39.    The Gus Villa Defendants use of and/or use of a confusingly similar imitation of Plaintiff King Ice's mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Gus Villa Defendants' goods are manufactured or distributed by, or are associated or connected with Plaintiff King Ice, or have the sponsorship, endorsement, or approval of Plaintiff King Ice.

40.    The Gus Villa Defendants' Iced King Ring is confusingly similar to Plaintiff King Ice's federally registered marks in violation of 15 U.S.C. § 1114.  The Gus Villa Defendants' activities are causing and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff King Ice's goodwill and reputation as symbolized by Plaintiff King Ice's registered King Ice mark, for which Plaintiff King Ice has no adequate remedy at law.

41.    The Gus Villa Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff King Ice's King Ice mark to Plaintiff King Ice's great and irreparable harm.

42.    The Gus Villa Defendants caused and are likely to continue causing substantial injury to the public and to Plaintiff King Ice, and Plaintiff King Ice is entitled to injunctive relief and to recover the Gus Villa Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

///

### THIRD CLAIM FOR RELIEF
### (Federal Unfair Competition)

43.     Plaintiff King Ice repeats and incorporates by reference the allegations in the preceding paragraphs.

44.     The Gus Villa Jewelry Defendants' use of a confusingly similar imitation of Plaintiff King Ice's King Ice mark and Lion Logo has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Gus Villa Defendants' goods are manufactured or distributed by Plaintiff King Ice, or are affiliated, connected, or associated with Plaintiff King Ice, or have the sponsorship, endorsement, or approval of Plaintiff King Ice.

45.     The Gus Villa Defendants have made false representations, false descriptions, and false designations of, on, or in connection with its goods in violation of 15 U.S.C. § 1125.  The Gus Villa Defendants' activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to Plaintiff King Ice's goodwill and reputation as symbolized by Plaintiff King Ice's King Ice mark and Lion Logo, for which Plaintiff King Ice has no adequate remedy at law.

46.     Plaintiff King Ice's claim for relief includes its trade dress, including its Lion Logo, which is not functional.

47.     The Gus Villa Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff King Ice's King Ice mark and Lion Logo to the great and irreparable injury of Plaintiff King Ice.

48.     The Gus Villa Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff King Ice.  Plaintiff King Ice is entitled to injunctive relief and to recover the Gus Villa Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### FOURTH CLAIM FOR RELIEF
### (Federal Trademark Dilution of the King Ice Mark)

49.     Plaintiff King Ice repeats and incorporates by reference the allegations in the preceding paragraphs.

///

50.     For years, Plaintiff King Ice has exclusively and continuously promoted and used the King Ice mark.  The King Ice mark became a famous and well-known symbol of Plaintiff King Ice and Plaintiff King Ice's products well before the Gus Villa Defendants began using the infringing Iced King design or offered their infringing ring for sale.

51.     The Gus Villa Defendants are making use in commerce of their infringing ring and necklace and Plaintiff King Ice's trademark, which dilutes and is likely to dilute the distinctiveness of Plaintiff King Ice's King Ice mark by eroding the public's exclusive identification of this famous mark with Plaintiff King Ice, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff King Ice's goods.

52.     The Gus Villa Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff King Ice's marks or to cause dilution of the marks to the great and irreparable injury of Plaintiff King Ice.

53.     The Gus Villa Defendants have caused and will continue to cause irreparable injury to Plaintiff King Ice's goodwill and business reputations, and dilution of the distinctiveness and value of Plaintiff King Ice's famous and distinctive King Ice mark in violation of 15 U.S.C. § 1125(c). Plaintiff King Ice therefore is entitled to injunctive relief and to the Gus Villa Defendants' profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## FIFTH CLAIM FOR RELIEF
### (State Trademark Dilution and Injury to Business Reputation)

54.     Plaintiff King Ice repeats and incorporates by reference the allegations in the preceding paragraphs.

55.     Plaintiff King Ice has extensively and continuously promoted and used the King Ice mark throughout the United States and California, and the King Ice mark became a distinctive, famous, and well-known symbol of Plaintiff King Ice's goods well before the Gus Villa Defendants began using the infringing Iced King phrase or offering their infringing products for sale.

56.     The Gus Villa Defendants' conduct dilutes and is likely to dilute the distinctiveness of Plaintiff King Ice's King Ice mark by eroding the public's exclusive identification of it with

Plaintiff King Ice and tarnishing and degrading the positive associations and prestigious connotations of the mark and otherwise lessening the capacity of the mark to identify and distinguish Plaintiff King Ice's goods.

57.     The Gus Villa Defendants are causing and will continue to cause irreparable injury to Plaintiff King Ice's goodwill and business reputation and dilution of the distinctiveness and value of Plaintiff King Ice's famous and distinctive mark in violation of Cal. Bus. & Prof. Code § 14247.

58.     Plaintiff King Ice, therefore, is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages, punitive damages, and reasonable attorneys' fees.

### SIXTH CLAIM FOR RELIEF
### (California Common Law Trademark Infringement)

59.     Plaintiff King Ice repeats and incorporates by reference the allegations in the preceding paragraphs.

60.     This cause of action arises under California common law for trademark infringement and unfair competition.

61.     As the exclusive owner and user of the King Ice mark and the Lion Logo, Plaintiff King Ice possesses valuable common law rights to the mark and the goodwill associated with it.

62.     The Gus Villa Defendants' unauthorized use of the King Ice mark and the Lion Logo in connection with products, websites, and/or YouTube channels unaffiliated and unassociated with Plaintiff King Ice constitutes trademark infringement and unfair competition in violation of the common law of California.

63.     The Gus Villa Defendants' aforesaid acts of trademark infringement and unfair competition have caused and will continue to cause Plaintiff King Ice monetary damage, loss, and injury in an amount not yet ascertained but in excess of the jurisdictional requirement of this Court.

64.     The Gus Villa Defendants' acts of trademark infringement and unfair competition alleged herein have been and will continue to be willful.

65.     Unless and until enjoined by this Court, the Gus Villa Defendants' acts of trademark infringement and unfair competition alleged herein will continue to cause Plaintiff King Ice irreparable damage, loss, and injury for which Plaintiff King Ice has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
### (Unfair and Deceptive Trade Practices)

66.    Plaintiff King Ice repeats and incorporates by reference the allegations in the preceding paragraphs.

67.    The Gus Villa Defendants have been causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of the Gus Villa Defendants' goods, causing a likelihood of confusion as to the Gus Villa Defendants' affiliation, connection, or association with Plaintiff King Ice, making actionable false statements about Plaintiff King Ice and its goods, and otherwise damaging the public.

68.    The Gus Villa Defendants' conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including California Cal. Bus. & Prof. Code § 17200, et seq.

69.    The Gus Villa Defendants' conduct has caused and is likely to cause substantial injury to the public and to Plaintiff King Ice.  Plaintiff King Ice, therefore, is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff King Ice prays that:

1.    The Gus Villa Defendants and all their agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through or under authority from the Gus Villa Defendants, or in concert or participation with the Gus Villa Defendants, and each of them, be enjoined from:

     a.    continuing to display the Video on YouTube or anywhere else;

     b.    advertising, marketing, promoting, offering for sale, distributing, or selling the infringing ring;

     c.    using the King Ice mark on or in connection with any of the Gus Villa Defendants' goods;

     d.    using any copy, reproduction, colorable imitation, or simulation of the King Ice mark on or in connection with the Gus Villa Defendants' goods;

e.   using any trademark, name, logo, design, or source designation of any kind on or in connection with the Gus Villa Defendants' goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to any of Plaintiff King Ice's trademarks, trade dresses, names, or logos;

f.   using any trademark, name, logo, design, or source designation of any kind on or in connection with the Gus Villa Defendants' goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Plaintiff King Ice, or are sponsored or authorized by Plaintiff King Ice, or are in any way connected or related to Plaintiff King Ice;

g.   using any trademark, name, logo, design, or source designation of any kind on or in connection with the Gus Villa Defendants' goods that dilutes or is likely to dilute the distinctiveness of Plaintiff King Ice's trademarks, trade dresses, names, or logos;

h.   passing off, palming off, or assisting in passing off or palming off the Gus Villa Defendants' goods as those of Plaintiff King Ice, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint; and

i.   advertising, promoting, offering for sale, or selling the infringing ring or other similar goods.

2.   The Gus Villa Defendants be ordered to cease offering for sale, marketing, promoting, and selling and to recall all infringing rings, or any other goods bearing the King Ice mark or Lion Logo or any other a confusingly similar imitation of Plaintiff King Ice's King Ice mark or Lion Logo that are in the Gus Villa Defendants' possession or have been shipped by the Gus Villa Defendants or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each such store or customer a copy of this Court's order as it relates to said injunctive relief against the Gus Villa Defendants;

3.   The Gus Villa Defendants be ordered to deliver up for impoundment and for destruction, all products, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample

books, promotional materials, stationery, or other materials in the possession, custody or under the control of the Gus Villa Defendants that are found to adopt, infringe, or dilute any of Plaintiff King Ice's trademarks or trade dress or that otherwise unfairly compete with Plaintiff King Ice and its products;

4.    The Gus Villa Defendants be ordered to account to Plaintiff King Ice for any and all profits derived by the Gus Villa Defendants from the sale or distribution of the infringing products and their unlawful acts set forth in this complaint;

5.    Plaintiff King Ice be awarded all damages caused by the acts forming the basis of this complaint.

6.    Based on the Gus Villa Defendants' knowing and intentional use of a confusingly similar imitation of the Plaintiff King Ice mark and the Lion Logo, the damages awarded be trebled and the award of the Gus Villa Defendants' profits be enhanced as provided for by 15 U.S.C. § 1117(a);

7.    The Gus Villa Defendants be required to pay to Plaintiff King Ice the costs and reasonable attorneys' fees incurred by Plaintiff King Ice in this action pursuant to 15 U.S.C. § 1117(a), the state statutes cited in this Complaint, and as otherwise provided by law or equity;

8.    Based on the Gus Villa Defendants' willful and deliberate infringement and/or dilution of the Plaintiff King Ice mark and Lion Logo, and to deter such conduct in the future, Plaintiff King Ice be awarded punitive damages;

9.    Plaintiff King Ice be awarded prejudgment and post-judgment interest on all monetary damages or other amounts;

10.    Plaintiff King Ice be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

September 12, 2025            LAW OFFICES OF PERRY R. CLARK

By: _____/s/ *Perry Clark*_____
Perry R. Clark (State Bar No. 197101)

Attorney for Plaintiff King Ice

**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff King Ice respectfully demands a trial by jury on all claims and issues so triable.

Respectfully submitted,

September 12, 2025

LAW OFFICES OF PERRY R. CLARK

By: _____ /s/ *Perry Clark* _____
Perry R. Clark (State Bar No. 197101)

Attorney for Plaintiff King Ice