James E. Doroshow (SBN 112920)
FOX ROTHSCHILD LLP
Constellation Place
10250 Constellation Blvd., Suite 900
Los Angeles, CA 90067
Telephone: (310) 228-6990
Facsimile: (310) 556-9828
Email: JDoroshow@FoxRothschild.com

Attorneys for Defendants
GUS VILLA JEWELRY INC. AND
GUSTAVO VILLALOBOS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZENGA INC. D/B/A KING ICE,<br><br>　　Plaintiff,<br><br>v.<br><br>GUS VILLA JEWELRY INC., a Florida corporation, and GUSTAVO VILLALOBOS, an individual,<br><br>　　Defendants. | CASE NO. 2:25-cv-8706-ODW-AGR<br><br>Judge: Hon. Otis D. Wright II<br><br>**DEFENDANTS' ANSWER TO COMPLAINT**<br><br>[DEMAND FOR JURY TRIAL]<br><br>Complaint Filed: September 12, 2025 |

Defendants, GUS VILLA JEWELRY INC. ("Gus Villa Jewelry") and GUSTAVO VILLALOBOS ("Villalobos") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff ZENGA INC. D/B/A KING ICE ("Zenga" or "Plaintiff") as follows. Except as expressly alleged, averred, or admitted, Defendants deny each and every allegation of the Complaint:

1. The allegations contained in Paragraph 1 of the Complaint set forth legal conclusions to which no response is required. To the extent necessary, Defendants admit that Plaintiff seeks to invoke the jurisdiction of the Court pursuant to the cited statutes.

## ALLEGATIONS RELATING TO THE PARTIES

2. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2. Accordingly, these allegations are denied.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants admit the allegations of Paragraph 4 of the Complaint.

## ALLEGATIONS RELATING TO JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 set forth legal conclusions or arguments to which no response is required. To the extent necessary, Defendants admit that Plaintiff has sought to describe some or all of the claims set forth in its Complaint.

6. Paragraph 6 contains legal conclusions or arguments to which no response is required. To the extent a response is required, Defendants do not contest that this Court has subject matter jurisdiction or supplemental jurisdiction over the claims set forth in the Complaint.

7. Defendants Paragraph 7 contains, in part, legal conclusions or arguments to which no response is required. Defendants admit that Defendant Gus Villa Jewelry has conducted some business with residents of the State of California by selling products to them. Defendants lack information sufficient to form a belief as to whether some of the jewelry Plaintiff claims is at issue in this case was sold by Plaintiff in California. Accordingly, Defendants deny this and the remaining allegations in Paragraph 7 of the Complaint.

8. Paragraph 8 contains, in part, legal conclusions or arguments to which no response is required. To the extent a response is required, Defendants deny all allegations in Paragraph 8.

## ALLEGED FACTS

### *Plaintiff's Brand and Trademark*

9. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9. Accordingly, these allegations are denied.

10. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10. Accordingly, these allegations are denied.

11. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11. Accordingly, these allegations are denied.

12. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12. Accordingly, these allegations are denied.

13. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13. Accordingly, these allegations are denied.

14. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14. Accordingly, these allegations are denied.

15. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15. Accordingly, these allegations are denied.

16. Defendants admit that Paragraph 16 purports to identify a United States Trademark Registration associated with what Plaintiff characterizes as its "King Ice" mark. Defendants further state that Exhibit 1 purports to be a copy of a certificate of "registration" for the alleged King Ice mark. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16. Accordingly, these remaining allegations are denied.

17. Defendants lack information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17. Accordingly, these allegations are denied.

*Defendants' Alleged Conduct*

18. Defendants admit the allegations of Paragraph 18 as to Defendant Gus Villa Jewelry. The remaining allegations are denied.

19. Defendants admit that Defendant Villalobos is the CEO and owner of Defendant Gus Villa Jewlery. The remaining allegations of Paragraph 19 are denied.

20. Defendants admit that Defendant Gus Villa Jewelry operates a YouTube channel entitled "gusvillajewelry." Defendants deny that Defendant Villalobos operates this channel himself, including in an individual capacity. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and those allegations are therefore denied.

21. Defendants admit that Defendant Gus Villa Jewelry posted a Video on the YouTube channel gusvillajewelry with the title referenced in this Paragraph of the Complaint. Defendant Villalobos denies he did so. Defendants deny the Video was first posted in September 2024. It was first posted months earlier. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph, and these allegations are therefore denied.

22. Defendants admit that Defendant Gus Villa Jewelry posted the referenced Video with the title alleged in this Paragraph of the Complaint. Defendants deny the remaining allegations in this Paragraph.

23. Defendants deny the allegations in Paragraph 23 of the Complaint, including because they had reason to believe the quoted statements were either true or believed to be true at the time they were made by Defendant Gus Villa Jewelry or constituted opinions that are not actionable.

24. Defendants admit that the comment made by one viewer of the Video has been accurately quoted, but deny the remaining allegations in Paragraph 24 of the Complaint.

25. Defendants admit that the viewer comments quoted in this Paragraph appear to be accurately quoted, but deny the remaining allegations in Paragraph 25 of the Complaint, including, but not limited to, that Plaintiff has been damaged.

26. Defendants admit that the Video includes statements made by Defendant Villalobos and also include photographs shown in the Complaint, but otherwise deny the remaining allegations in Paragraph 26 of the Complaint, including, but not limited to, any allegation that confusion was created by either Defendants' conduct.

27. Defendants admit that the photographs shown in this Paragraph accurately depict part of what was shown in the Video with the description "GVJ Iced Cuban," but deny the remaining allegations in Paragraph 27 of the Complaint, including, but not limited to, the allegation that the photographs shown in this Paragraph were photographs of Plaintiff's products.

28. Defendants admit that Defendant Gus Villa Jewelry operates the referenced website for purposes of offering some of its products for sale. Defendants deny the remaining allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

## FIRST CLAIM

### Alleged Trade Libel

31. Defendants repeat and incorporate by reference their responses found in Paragraphs 1-30 above.

32. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 32.

33. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants admit the statements were available to be seen, but deny they were made to any specific person. Defendants further admit that viewers of Defendant Gus Villa Jewelry's Video and website can view the Video and website, but deny all remaining allegations of Paragraph 33.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## SECOND CLAIM

*Alleged Federal Trademark Infringement*

38. Defendants repeat and reallege the preceding Paragraphs 1-37 as if fully set forth herein.

39. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 39.

40. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 40.

41. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 41.

42. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 42.

## THIRD CLAIM

*Alleged Federal Unfair Competition*

43. Defendants repeat and reallege the preceding Paragraphs 1-42 as if fully set forth herein.

44. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 44.

45. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required,

Defendants deny the allegations of Paragraph 45.

46. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 46.

47. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 47.

48. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 48.

## FOURTH CLAIM

### *Alleged Federal Trademark Dilution*

49. Defendants repeat and reallege the preceding Paragraphs 1-48 as if set forth herein.

50. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief as to the truth of the allegations in the first sentence of this Paragraph of the Complaint and therefore deny them on this basis. All remaining allegations are denied.

51. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 51.

52. The allegations contained in this Paragraph state legal conclusions state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 52 of the Complaint.

53. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 53.

## FIFTH CLAIM

*Alleged State Trademark Dilution and Injury to Business Reputation*

54. Defendants repeat and reallege the preceding Paragraphs 1-53 as if fully set forth herein.

55. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants lack information sufficient to form a belief as to how, when and where Plaintiff has used its alleged trademark and therefore deny this allegation on that basis. Defendants otherwise deny the remaining allegations of Paragraph 55.

56. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 56.

57. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendant deny the allegations of Paragraph 57.

58. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 58.

## SIXTH CLAIM

*Alleged California Common Comm Law Trademark Infringement*

59. Defendants repeat and reallege the preceding Paragraphs 1-58 as if fully set forth herein.

60. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is necessary, Defendants admit that Plaintiff has sought to allege a claim under the cited law, but deny that Plaintiff is entitled to any relief based upon this claim.

61. The allegations contained in this Paragraph state legal arguments or conclusions to which no response is required. To the extent a response is necessary, Defendants lack

information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint. Accordingly, these allegations are denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

## SEVENTH CLAIM

### *Alleged Unfair and Deceptive Trade Practices*

66. Defendants repeat and reallege the preceding Paragraphs 1-65 as if fully set forth herein.

67. Denied.

68. Denied.

69. Denied.

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

By asserting these affirmative and other defenses, Defendants do not admit that they necessarily bear the burden of proof or persuasion for any of the defenses or issues alleged below.  Moreover, at this time, Defendants have insufficient information and knowledge upon which to form a belief as to whether additional defenses are or may later become available to it.  Defendants reserve the right to amend their response to the Complaint to add, delete or modify defenses based on additional facts and legal theories which it may or will learn of, including that which may be divulged through clarification of the Complaint, through discovery, through change or clarification of governing law, or through further analysis of Plaintiff's allegations and claims in this litigation.  Subject to the foregoing, and without prejudice to their denial or other responses to the allegations in Plaintiff's Complaint, for its affirmative and other defenses in this action, Defendants hereby assert and allege the following:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.  By way of a

non-limiting example, the Complaint fails to state a claim upon which relief can be granted because the use of conclusions, terms and definitions found in the Complaint as alleged by Plaintiff do not constitute, libel, trademark infringement or any other valid claim and are therefore not actionable. Further, several of Plaintiff's allegations and claims, including, but not limited to, Plaintiff's claims and allegations of willful misconduct and bad faith are merely conclusory and unsupported.

## SECOND AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims against Defendants are barred by one or more of the doctrines of laches, waiver, equitable estoppel, acquiescence, implied license, unclean hands, unenforceability and/or any other equitable remedy. Plaintiff has known or should have known about Defendants and their alleged conduct much earlier than the date it filed its Complaint and Plaintiff's claims are, therefore, barred under the doctrine of laches and other defenses.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Trade Libel (First Claim for Relief) and related claims are barred by the applicable statute of limitations which requires that Plaintiff file its Complaint one-year from the date the alleged libelous or defamatory statement(s) were first published. *See* California Code of Civil Procedure Section 340 (c) and other applicable law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's Trade Libel Claim (First Claim for Relief) and related claims are barred to the extent that the alleged libelous or defamatory statements were and continue to remain true.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Trade Libel Claim (First Claim for Relief) and related claims are barred because some or all of the statements that Plaintiff relies upon to support these claims are merely statements of opinion which are protected and cannot be the basis of a libel or defamation claim or any related claim(s).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Trade Libel Claim (First Claim for Relief) and related claims cannot be proven since Plaintiff cannot prove that Defendant(s) acted with malice or reckless disregard for the truth.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Trade Libel Claim (First Claim for Relief) and related claims cannot be proven because the statements Plaintiffs cites to support its claims are, in whole or in part, capable of being interpreted in an innocent and/or truthful manner.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants have not infringed any alleged trademark or logo under federal or state law. Defendants have not directly infringed any alleged trademark owned by Plaintiff and any use by Defendants of the alleged mark or logo has not and will not cause consumer confusion, does not infringe upon any registered or common law trademark rights allegedly owned by Plaintiff, does not constitute unfair competition under the Lanham Act or under state or common law and does not constitute false designation of origin.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged trademark is generic, or at a minimum merely descriptive, lacks necessary distinctiveness, and has not acquired the required secondary meaning to legally function as a source identifier under applicable United States and state law. Plaintiff's alleged trademark should therefore be cancelled or not enforced, as it is generic, merely descriptive and/or lacks necessary distinctiveness to legally function as a trademark or source identifier under applicable United States and state law.

## TENTH AFFIRMATIVE DEFENSE

Without admitting that the Complaint states any valid claim, there has been no damage in any amount, manner or at all by reason of any act of Defendants alleged in the Complaint, and therefore all of the relief prayed for in the Complaint cannot and should not be granted.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Defendants are barred because Plaintiff's alleged damages or injuries, if any, were not caused by Defendants.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm as a result of any of Defendants' alleged conduct.

## THIRTEENTH AFFIRMATIVE DEFENSE

The alleged injury or damage claimed to have been suffered by Plaintiff, if any, would, even if proven, be adequately compensated by monetary damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is therefore not entitled to equitable relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are informed and believe, and on that basis allege, that Plaintiff's claims against Defendants are barred, in whole or in part, because of a failure to mitigate damages, if any damages or injury exists or can be proven at all.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for relief relating to willful infringement are barred because none of any alleged acts of infringement or other conduct were willful.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred against Defendants under the fair use doctrine, including, but not limited to, classic and nominative fair use. Any of Defendants' alleged use of the asserted trademark or logo were not used for trademark purposes, and Defendants used any reference to Plaintiff and/or its products or services, if any, fairly and in good faith to refer to itself and its own goods, services and business. Defendants have taken no action to imply or refer to any association, sponsorship or affiliation between Plaintiff and Defendants.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has no claim(s) against Defendant Villalobos since Villalobos was at all times acting in his corporate capacity and Plaintiff has no grounds for piercing the corporate

veil to hold him individually liable or responsible for any of Plaintiff's claims or alleged damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants presently have insufficient knowledge or information to form a belief as to whether additional affirmative defenses or other defenses are available. Accordingly, Defendants hereby expressly reserve the right to assert additional affirmative and additional defenses in the event that discovery indicates or other sources disclose such defenses are relevant, appropriate or warranted in this litigation.

### PRAYER FOR RELIEF

No answer is required to the allegations contained in Plaintiff's prayer for relief. To the extent a response is required, Defendants deny that they have engaged in any alleged misconduct and deny that Plaintiff is entitled to any of the relief that it seeks. Defendants also seek and are entitled to dismissal of all of Plaintiff's claims in this action with prejudice, an award of attorneys' fees and costs as the prevailing party in this action and such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

No answer is required to Plaintiff's demand for jury trial. To the extent a response is required, Defendants demand a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that this Court deny all relief sought by Plaintiff, enter judgment in favor of Defendants and against Plaintiff on all claims, award Defendants their costs, attorneys' fees, and expenses and grant Defendants such other and further relief as this Court deems just and proper.

DATED: November 6, 2025                    FOX ROTHSCHILD LLP

                                           By    /s/ *James E. Doroshow*
                                                 James E. Doroshow
                                                 Attorneys for Defendant
                                                 Gus Villa Jewelry Inc. and Gustavos Villalobos